LAW OFFICES OF KENNETH E. LYON, III
Kenneth E. Lyon, III, No. 7071
432 Court Street
Reno, Nevada 89501
Telephone: (775) 786-4188
Facsimile: (775) 786-5573
Email: ken@lyonlaw.net

BASS SOX MERCER
Richard M. Sox *(pro hac vice)*
Nicholas A. Bader *(pro hac vice)*
Jeremiah Hawkes *(pro hac vice)*
2822 Remington Green Circle
Tallahassee, Florida 32308
Telephone: (850) 878-6404
Facsimile: (850) 942-4869
Email: rsox@dealerlawyer.com
Email: nbader@dealerlawyer.com
Email: jhawkes@dealerlawyer.com

Attorneys for Plaintiff Herb Hallman Chevrolet, Inc.

KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Telephone:  (775) 852-3900
Facsimile:  (775) 327-2011
Email: rmccoy@kcnvlaw.com
Email:  sgraves@kcnvlaw.com

SEYFARTH SHAW LLP
James C. McGrath *(pro hac vice)*
William F. Benson *(pro hac vice)*
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile:  (617) 946-4801
Email:  jcmcgrath@seyfarth.com
Email:  wbenson@seyfarth.com

Attorneys for Defendant General Motors LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERB HALLMAN CHEVROLET, INC. d.b.a. CHAMPION CHEVROLET,<br><br>Plaintiff,<br><br> vs.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 3:22-cv-00447-MMD-CLB<br><br><br>**STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY OF DISCOVERY MATERIALS** |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order (the "Order") for the protection of Confidential and Highly

KAEMPFER
CROWELL

1  Confidential Materials (as defined herein) that may be produced or otherwise

2  disclosed during the course of this Litigation by or on behalf of any party or non-

3  party. The Court has been fully advised in the premises and has found good cause

4  for its entry.

5          Accordingly, IT IS HEREBY ORDERED that the terms and conditions

6  of this Order shall govern the handling of discovery materials in the Litigation:

7          **1.      Applicability of Order**: This Order will be applicable to and

8  govern the handling of documents, depositions, deposition exhibits, deposition

9  videos, interrogatory responses, responses to subpoenas, responses to requests for

10  admissions, responses to requests for production of documents, and all other

11  discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or

12  produced on behalf of a party in connection with the Litigation (this information

13  hereinafter referred to as "Discovery Material").  This Order does not restrict or limit

14  the use of any Confidential or Highly Confidential Material introduced in evidence

15  at trial.  Nothing in this Order, however, shall prevent any Party from seeking an

16  appropriate protective order to govern the use of Confidential Discovery Material at

17  trial.

18          **2.      Definitions:**  As used herein, "Producing Party" or "Disclosing

19  Party" shall refer to the parties in this Litigation that give testimony or produce

20  documents or other information, as well as non-parties that provide documents or

21  testimony in response to a subpoena, and "Designating Party" shall refer to parties

22  whose Confidential and Highly Confidential information is disclosed in documents

23  produced by other parties or third parties, in which case the affected party may

24  designate such information as Confidential or Highly Confidential under this Order.

1    "Receiving Party" shall refer to the parties in this Litigation that receive such

2    information. "Authorized Recipient" shall refer to any person or entity authorized

3    by Sections 11 and 12 of this Order to obtain access to Confidential Material, Highly

4    Confidential Material, or the contents of such Material.

5          **3.      Designation of Material**: Any party may designate Discovery

6    Material that is in its possession, custody, or control to be produced to a Receiving

7    Party, or Discovery Material that is produced by another party (including a third

8    party) but qualifies for protection under this Order, as "Confidential" or "Highly

9    Confidential" under the terms of this Order if the party in good faith reasonably

10   believes that such Discovery Material contains non-public, confidential material as

11   defined in Sections 4 and 5 below (hereinafter "Confidential Material" or "Highly

12   Confidential Material").

13         **4.      Confidential Material**: For purposes of this Order, Confidential

14   Material is any information that a party believes in good faith to be confidential or

15   sensitive information, including, but not limited to, trade secrets, research, design,

16   development, financial, technical, marketing, planning, private or confidential

17   personal information, customer information, or commercial information, as such

18   terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any

19   applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

20         **5.      Highly Confidential Material**: For purposes of this Order,

21   Highly Confidential Material is any Protected Data (defined below) and/or

22   Confidential Material as defined in Section 4 which also includes non-public product

23   design and testing information or extremely sensitive, highly confidential, non-

24   public information, consisting either of trade secrets or proprietary or other highly

KAEMPFER

CROWELL    3335477_1   20695.1

confidential business, dealer, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing or Designating Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

**6.     Protected Data**: Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Designating material as Protected Data does not preclude the parties from designating that same material, as appropriate, for Confidentiality and Privilege.

**7.     Designating Confidential Material, Highly Confidential Material, or Protected Data**: The designation of Discovery Material as Confidential Material, Highly Confidential Material, or Protected Data for purposes of this Order shall be made in the following manner:

a. **Documents**: The parties shall stamp or otherwise clearly label each page of a designated document as "Confidential" or "Highly Confidential" if feasible to do so. However, failure to do so shall not be considered a waiver of such designation, and shall not deem such information to not qualify as "Confidential" or "Highly Confidential." A party who disagrees with another party's designation must nevertheless abide by that designation

KAEMPFER
CROWELL

until the matter is resolved by written agreement of the parties or by order of the Court.  Parties further agree to abide by the producing party's designation upon notice, written or otherwise, that a party will seek appeal or other form of judicial review of an order of the Court.

b. **Deposition Transcripts.**   Deposition testimony may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or, within fifteen (15) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate the transcript or sections thereof as "Confidential" or "Highly Confidential."  If a designated transcript or transcript portion is filed with the Court, the designating party shall file a motion to file under seal. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the fifteen-day period.

**8.**     **Inadvertent/Unintended Disclosure**: The inadvertent and/or unintentional failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of any such disclosure (inadvertent or otherwise), with the effect that such Discovery Material will be subject to the protections of this Order.  In addition, the Producing Party shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within five (5)

KAEMPFER
CROWELL

3335477_1  20695.1

business days of providing such notice.  Designation of information or documents as "Confidential" or "Highly Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets or that such information or documents may not be entitled to further protection under the law. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

**9.     Copies**: The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material or Highly Confidential Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing or Designating Party.

**10.     Derivative Works**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension

can be identified, shall be accorded the same status of confidentiality as the

underlying Confidential Material or Highly Confidential Material from which they

are made and shall be subject to all of the terms of this Order.

**11.     Persons Authorized to Receive Confidential Material:** Access

to Confidential Material shall be restricted, and may only be disclosed, summarized,

described, characterized, or otherwise communicated or made available in whole or

in part, solely to the following persons, who agree to be bound by the terms of this

Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

b. In-house counsel for the parties, and the administrative staff for each in-house counsel;

c. Any party in this Litigation who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this Litigation;

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this Litigation, but only to the extent necessary to further the interest of the parties in this Litigation, and only after executing the agreement attached hereto as Exhibit A;

e. The Court and its personnel, including, but not limited to, transcription/recording services engaged by the Court or the parties during this Litigation;

f. The authors or recipients of a document containing the Confidential Material or a custodian or other person who otherwise know the information sought to be protected;

g. During their depositions, non-party witnesses in this Litigation to whom disclosure is reasonably necessary and who have signed the agreement attached hereto as Exhibit A;

h. Any mediator(s) or settlement officer(s) mutually agreed upon

by the parties;

    i.   Mock trial/focus group participants; and

    j.   Employees of discovery or copy services, microfilming or database services, trial support firms and/or translators or other litigation support vendors who are engaged by the parties during this Litigation.

**12.    Persons Authorized to Receive Highly Confidential Material:** Access to or use of any information, documents, or portions of documents marked "Highly Confidential" shall be restricted, and may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, solely to the persons listed in paragraphs 11(a), (b), (d), (e), (f), (g), (h), and (j), unless additional persons are stipulated by counsel or authorized by the Court.

**13.    Agreement to Be Bound**: All persons described in paragraphs 11(d), (g), (i), and (j) above shall not have access to any Confidential Material or Highly Confidential Material without having first read, acknowledged, and agreed to be bound by this Order by executing a Non-Disclosure Agreement in the form attached to this Order. Each Party's counsel shall retain each such executed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

**14.    Qualification of Outside Experts and Consultants**: Neither Confidential nor Highly Confidential Material shall be disclosed to any retained and/or testifying experts or consultants who are current employees of a direct competitor of any party named in the Litigation.

**15.    Use of Discovery Material**: Discovery Material containing Confidential and/or Highly Confidential Material shall be used solely for purposes

of the Litigation, including any appeal and retrial.  Disclosure or dissemination outside of this Litigation and/or contrary to the terms of this Order is strictly prohibited.

**16.     Exclusion of Individuals from Depositions**: Whenever Confidential Material or Highly Confidential Material is to be disclosed in a deposition, the designating party may exclude from the room any person, other than persons designated in Sections 10 and 11, as appropriate, for that portion of the deposition.  If Confidential Material or Highly Confidential Material is to be disclosed in a judicial proceeding, the parties will endeavor to meet and confer in good faith and in advance about steps that can be taken, if any, to limit the disclosure of such material.

**17.     Storage of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that satisfies the data security requirements of Section 25, *infra*, for electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**18.     Filing of Confidential Material or Highly Confidential Material**: If Confidential Material or Highly Confidential Material is contained in documents that a party seeks to file with the Court, that party shall file a motion to file under seal the relevant excerpts constituting Confidential Material or Highly

Confidential Material within such documents.   The parties must follow the procedural requirements of FRCP 5.2, LR IA 10-5, and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.   The Parties will use their best efforts to minimize such sealing.   For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day.

**19.    Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

a. **Challenge**: If a Receiving Party disagrees with the propriety of the Producing or Designating Party's designation of any document(s) or other discovery materials under this Order, counsel for the Receiving Party shall serve written notice upon the Producing or Designating Party's counsel, specifying the document(s) in question by bates number or other specific identifier.

b. **Meet and Confer and Motion**: Upon receipt of written notice challenging the designation of any Confidential Material or Highly Confidential Material, the parties shall meet and confer within ten (10) days to attempt to reach an agreement on the designation of the

document(s) in question. If an agreement cannot be reached between the parties concerning the propriety of the designation, the Producing or Designating Party shall file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes.

    c. **Status of Challenged Designation Pending Judicial Determination**: Any such document(s) shall continue to be treated in accordance with its confidentiality designation subject to this Order until such motion has been decided.

    **20.**    **Effect of Disclosure of Privileged Information (FRCP 26(b)(5)(B) and FRE 502)**: The production of privileged or work-product protected documents, electronically stored information ("ESI"), or any other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other federal or state proceeding.  This stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    a. Pursuant to Federal Rule Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), if information produced in discovery in this action is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it.

    b. After being notified, the Party must promptly return, sequester, or destroy the specified information and any copies it has (and provide a written certification by counsel that all such information has been returned or destroyed); must not use or disclose the information until

1    the claim is resolved; must take reasonable steps to retrieve the

2    information if the Party disclosed it before being notified; and may

3    promptly present the information to the court under seal for a

4    determination of the claim. The producing party must preserve the

5    information until the claim is resolved.

6    c. If a Receiving Party reasonably believes that privileged information has

7    been inadvertently disclosed or produced to it, it shall promptly notify

8    the Designating or Producing Party and sequester such information

9    until instructions as to disposition are received. The failure of any party

10   to provide notice or instructions under this Paragraph shall not

11   constitute a waiver of, or estoppel as to, any claim of attorney-client

12   privilege, attorney work product, or other ground for withholding

13   production as to which the party would be entitled in the Litigation or

14   any other federal or state proceeding.

15    d. Nothing herein is intended to or shall serve to limit a to limit a party's

16   right to conduct a review of documents, ESI or information (including

17   metadata) for relevance, responsiveness and/or segregation of

18   privileged and/or protected information before production.

19   **21.    Redaction Allowed**: Any Producing or Designating Party may

20   redact from the documents and materials it produces information that the Producing

21   or Designating Party claims is subject to attorney-client privilege, work product

22   immunity, a legal prohibition against disclosure, or any other privilege or immunity.

23   The Producing or Designating Party shall mark each thing where information has

24   been redacted with a legend stating "REDACTED," and specify the basis for the

KAEMPFER

CROWELL    3335477_1  20695.1

1    redaction as appropriate. Where a document consists of more than one page, each

2    page on which information has been redacted shall be so marked. The Producing or

3    Designating Party shall preserve an unredacted version of each such document.  The

4    right to challenge and process for challenging the designation of redactions shall be

5    the same as the right to challenge and process for challenging the designation of

6    Confidential Material and Highly Confidential Material as set forth in Section 19.

7    **22.    Order Remains in Force**: This Order shall remain in force and

8    effect until modified, superseded, or terminated by consent of the parties or by order

9    of the Court made upon reasonable written notice. Unless otherwise ordered, or

10   agreed upon by the parties, this Order shall survive the termination of this Litigation.

11   The Court retains jurisdiction even after termination of this Litigation to enforce this

12   Order and to make such amendments, modifications, deletions, and additions to this

13   Order as the Court may from time to time deem appropriate.

14   **23.    Confidential or Highly Confidential Material Subpoenaed or**

15   **Ordered Produced in Other Actions**: If any person receiving or otherwise in

16   possession, custody, or control of documents or material governed by this Order (the

17   "Receiver") is served with a subpoena, order, interrogatory, document request, or

18   civil investigative demand (collectively, a "Demand") issued in any other action,

19   investigation, or proceeding, and such Demand seeks Discovery Material that was

20   produced or designated as Confidential Material or Highly Confidential Material by

21   someone other than the Receiver, the Receiver shall give prompt written notice by

22   email within five (5) days of receipt of such Demand to the party or non-party who

23   produced or designated the material as Confidential Material or Highly Confidential

24   Material, and shall object to and refrain from the production of such materials on the

KAEMPFER

CROWELL     3335477_1   20695.1

grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material or Highly Confidential Material.  Unless the party or non-party who produced or designated the Confidential Material or Highly Confidential Material seeks an order directing that the Demand not be complied with, and serves such request upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date.  If, however, a party seeks such an order, the Receiver will not produce documents responsive to the Demand until a court of competent jurisdiction resolves the dispute or the parties otherwise agree that the production can be made.   The Receiver will ensure that Confidential Material or Highly Confidential Material is adequately secured during transfer and will include with the production a copy of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**24.     End-of-Matter Data Disposition**: Upon final resolution of this Litigation, including any appeals, the Parties will certify that a good-faith effort has been made that all Confidential Material and/or Highly Confidential Material (and all copies thereof) has been returned to the Producing or Designating Party and/or has been destroyed.  If a party elects to destroy Confidential Material and/or Highly Confidential Material upon final resolution of this Litigation, that party will provide an affidavit to the Producing or Designating Party attesting to destruction.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert

1    work product even if such materials contain Confidential Material or Highly

2    Confidential Material.  Any such archival copies remain subject to this Order.

3              **25.    Data Security**: Any person in possession of Confidential

4    Material or Highly Confidential Material shall implement reasonable administrative,

5    technical, and physical safeguards designed to protect the security and

6    confidentiality of such Confidential Material or Highly Confidential Material,

7    protect against any reasonably anticipated threats or hazards to the security of such

8    Confidential Material or Highly Confidential Material, and protect against

9    unauthorized access to Confidential Material or Highly Confidential Material.  If a

10   Receiving Party or Authorized Recipient discovers any loss of Confidential Material

11   or Highly Confidential Material or a breach of security, including any potential or

12   suspected unauthorized access, relating to another party's Confidential Material or

13   Highly Confidential Material, the Receiving Party or Authorized Recipient shall: (1)

14   immediately provide written notice to the Producing or Designating Party of such

15   breach; (2) investigate and make reasonable efforts to remediate the effects of the

16   breach, and provide the Producing or Designating Party with assurances reasonably

17   satisfactory to the Producing or Designating Party that such breach shall not recur;

18   and (3) provide sufficient information about the breach that the Producing or

19   Designating Party can reasonably ascertain the size and scope of the breach. The

20   Receiving Party or Authorized Recipient agrees to cooperate with the Producing or

21   Designating Party or law enforcement in investigating any such security incident. In

22   any event, the Receiving Party or Authorized Recipient shall promptly take all

23   necessary and appropriate corrective action to terminate the unauthorized access.

24

KAEMPFER
CROWELL

1   STIPULATED AND AGREED.

2   LAW OFFICES OF                           KAEMPFER CROWELL
    KENNETH E. LYON, III

3

4   /s/ Kenneth E. Lyon
    Kenneth E. Lyon, III, No. 7071           Robert McCoy, No. 9121
5   432 Court Street                         Sihomara L. Graves, No. 13239
    Reno, Nevada 89501                       50 West Liberty Street, Suite 700
6                                            Reno, Nevada 89501

    BASS SOX MERCER
7   Nicholas A. Bader *(pro hac vice)*       SEYFARTH SHAW LLP
    Jeremiah Hawkes *(pro hac vice)*         James C. McGrath *(pro hac vice)*
8   2822 Remington Green Circle              William F. Benson *(pro hac vice)*
    Tallahassee, Florida 32308               Seaport East
9                                            Two Seaport Lane, Suite 1200
    Attorneys for Plaintiff Herb Hallman     Boston, Massachusetts 02210
10  Chevrolet, Inc. d.b.a. Champion
    Chevrolet                                Attorneys for Defendant General
11                                           Motors LLC

12

13                              **ORDER**

14              IT IS SO ORDERED.

15

16

17                           _____
                             UNITED STATES MAGISTRATE JUDGE
18                           DATED: _____January 23, 2023_____

19

20

21

22

23

24

KAEMPFER
CROWELL

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| HERB HALLMAN CHEVROLET, INC. d.b.a. CHAMPION CHEVROLET, | Case No. 3:22-cv-00447-MMD-CLB |
|---|---|
| Plaintiff, | |
| vs. | **NON-DISCLOSURE AGREEMENT** |
| GENERAL MOTORS LLC, | |
| Defendant. | |

I,＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, hereby acknowledge that I have received a copy of the Protective Order on Confidentiality of Discovery Materials entered in the above-captioned action by the United States District Court for the District of Nevada (hereinafter, the "Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.  I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential Material (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order, and to utilize such information

KAEMPFER
CROWELL

3335477_1  20695.1

Page 17 of 18

strictly for purposes of this litigation.  I further agree that at the conclusion of the litigation I will return all such Confidential or Highly Confidential Material to the party or attorney from whom I received it, or if so instructed by the party or attorney, will destroy all such material and all copies thereof.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Nevada for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

By: _____
        Signature

_____
        Printed Name

Dated: _____

KAEMPFER
CROWELL

3335477_1  20695.1